# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGILIO VILANO and LORENA VILANO, Husband and Wife, as Community Property with Right of Survivorship,<br><br>Plaintiffs,<br><br>v.<br><br>SCME MORTGAGE BANKERS, INC., et al.,<br><br>Defendants. | Case No. 10cv2037 BTM(MDD)<br><br>**ORDER GRANTING MOTION TO QUASH SERVICE AND DENYING WITHOUT PREJUDICE MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT** |

Defendant Mortgage Electronic Registration Systems, Inc. ("Defendant" or "MERS") has filed a motion to dismiss for failure to state a claim and for insufficient service of process, a motion to quash for insufficient service, and, alternatively, a motion for a more definite statement. For the reasons discussed below, the Court **GRANTS** the motion to quash for insufficient service and **DENIES WITHOUT PREJUDICE** the motion to dismiss and motion for a more definite statement.

## DISCUSSION

MERS argues that Plaintiffs' claims against it should be dismissed for insufficient service of process or, in the alternative, service on MERS should be quashed. The Court

agrees that MERS was not properly served and grants the motion to quash.

According to the "Return of Service" filed on October 25, 2010, on October 23, 2010, the summons and complaint were mailed by regular mail to "Mortgage Electronic Registration Systems, P.O. Box 2026, Flint, MI 48501." It appears that Plaintiffs were attempting to serve MERS pursuant to Cal. Civ. Proc. Code § 415.40, which allows for the service of a person outside the state by mailing the summons to the person to be served by first-class mail, return receipt requested. However, it seems that the documents were mailed via "regular mail" and that no return receipt was requested or obtained.

More importantly, it does not appear that the documents were mailed to any particular person at MERS. In order to serve a foreign corporation pursuant to § 415.40, the plaintiff must mail the summons and complaint to a person to be served on behalf of the corporation, specifically, one of the individuals identified in § 416.10. Dill v. Berquist Constr. Co., Inc., 24 Cal. App. 4th 1426 (1994). Under § 416.10, service on a corporation may be effected by delivering a copy of the summons and complaint to the person designated as agent for service of process or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Mailing a summons and complaint to the corporation itself does not constitute proper service under § 415.40. Berquist, 24 Cal. App. 4th at 1436.

Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Fed. R. Civ. P. 4. Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538 (9th Cir. 1986). Plaintiffs did not file an opposition to MERS's motion. Therefore, Plaintiffs have failed to establish either that service was valid or that despite their failure to strictly comply with the service requirements, the summons was actually delivered to one of the persons to be served.

Accordingly, the Court finds that MERS was not properly served and grants MERS's motion to quash service.

## **CONCLUSION**

For the reasons discussed above, the Court grants MERS's motion to quash service of the summons and complaint. The service of the summons and complaint on MERS is **QUASHED**. Plaintiffs shall have 20 days from the entry of this Order to properly serve MERS with the summons and complaint and to file a proof of service. Failure to do so will result in the dismissal of Plaintiffs' case against MERS.

Because service on MERS has been quashed, the Court declines to reach MERS's motion to dismiss for failure to state a claim and motion for a more definite statement. These motions are **DENIED** without prejudice. MERS may refile the motions upon being properly served with the summons and complaint.

**IT IS SO ORDERED.**

DATED: May 19, 2011

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge